# Puffer Manufacturing Co. *v.* Alabama Marble Quarries.

### Assumpsit.

(Decided December 21, 1916.   73 South. 415.)

1. **Sales; Quality; Presumption.**—Where a contract for the sale and delivery of marble at an agreed price did not stipulate the exact quality, it will be presumed that the parties contracted with reference to merchantable marble, or even marble of the quality suitable for use in the buyer's business.

[Puffer Manufacturing Co. v. Alabama Marble Quarries.]

2. **Same; Pleading; Sufficiency.**—Where the court could not know from the pleadings that the parties had contracted with reference to No. 1, best quality, cream A white marble, the court could not sustain a demurrer to the count for marble sold and delivered on the ground that the count failed to set out the contract according to its legal effect.

3. **Same; by Sample; Quality.**—In this action, and under the evidence, it was for the jury to say whether the marble delivered equalled the sample so as to entitle the sellers to recover.

4. **Appeal and Error; Harmless Error; Instruction.**—Where the verdict for plaintiff is not based upon that count, the refusal of the general charge to defendant as to the particular count was harmless.

5. **Sale; Sample; Use.**—A buyer of marble by sample who used the marble that was delivered, was liable to the seller for its reasonable value, even though it did not correspond with the sample.

6. **Same; Reasonable Value; Jury Question.**—In this case, and under the evidence, what was the reasonable value of the marble such as it was, or its ordinary price, was a jury question.

7. **Same; Evidence.**—The evidence examined and held to support a verdict for plaintiff.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Assumpsit by the Alabama Marble Quarries against the Puffer Manufacturing Company. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

The complaint was on the common counts as to counts 1, 2, and 3. The fourth count is as follows:

Plaintiff claims of defendant the further sum of $1,000 for that heretofore defendant ordered from plaintiff a certain quantity of marble as set forth in Exhibit A hereto attached and made a part hereof, upon the agreement that defendant should pay for the same upon delivery to it the sum of $1 per cubic foot, and would pay plaintiff an additional $1 as and when the blocks were put into the gang saws by defendant; that thereupon, on February 10th, plaintiff shipped defendant blocks of marble as shown by said Exhibit A, and in all respects complied with all the provisions of the agreement on its part; that defendant on receipt of said marble paid plaintiff the sum of $831.08; that subsequently a large quantity of said marble, to wit, all of it, has been put into the gang saws by defendant, but that, notwithstanding this, said defendant still refuses and fails, and has failed and refused, to pay plaintiff the balance, with interest thereon.

Exhibit A referred to contained the date of invoice, the number of blocks of marble, their size, the cubical contents of each, the amount due on receipt, and the amount due and when put into the gang saws.

BALL & SAMFORD, for appellant. DANIEL W. TROY, for appellee.

SAYRE, J.— (1, 2) By its demurrer to the fourth count of the complaint defendant (appellant) endeavored to drive plaintiff (appellee) to a further description of the marble for the price of which plaintiff had declared in that count. There was no error in overruling the demurrer. The postulate of the demurrer was and is that a contract for the sale and delivery of a definite quantity of marble at an agreed price per cubic foot may not be enforced unless it also stipulates the exact quality of the marble. It will be presumed, nothing appearing otherwise, that the parties contracted with reference to merchantable marble, or even marble of a quality suitable for use in the business in which the defendant purchaser was engaged. But that is a term imported by law into the complaint and the contract alike. The count undertakes to state the contract in question according to its legal effect. Passing upon the pleading, the court could not know that the parties had contracted with reference to "No. 1 best quality cream A white" marble, and hence it could not sustain a demurrer to the count on the ground that it failed to set out the contract according to its legal effect.

(3, 4) Count 4 declared upon an express contract according to its legal effect, as we have already indicated. By its special pleas defendant brought another term into the contract, viz. that the sale set forth in the count was a sale by sample, and alleged that the marble delivered was not equal to the sample by which it had been sold. When it came to the proof, the parties were agreed that the sale was by sample, but they and their witnesses were far from agreement as to what the sample was, plaintiff contending that the marble delivered was the fair equivalent of the sample. This, we think, made the question of plaintiff's recovery on the fourth count one for the jury. There was hence no error in refusing the general charge as to that count requested by the defendant. Not only so, but the verdict returned by the jury showed with reasonable certainty that it was not based

[Puffer Manufacturing Co. v. Alabama Marble Quarries.]

upon the fourth count; for, the parties being agreed upon the contract price and the quantity of marble delivered, a finding for plaintiff on the fourth count and the express contract therein alleged would have been for an amount largely in excess of the verdict, so that, in any event, the refusal of the charge did defendant no harm.

(5-7) Appellant further contends that the amount of the damages assessed failed to meet the evidence or the views of either party, that plaintiff should have recovered much more or nothing at all, and hence that the verdict should have been set aside on its motion. Defendant, appellant, used the marble delivered to it. This rendered defendant liable to plaintiff for the reasonable value of the marble, even though it did not correspond with the sample with reference to which the parties had contracted for the particular shipment in dispute, and evidently it was upon this theory of the case that the jury proceeded to a verdict for plaintiff. The quantum of damages in this posture of the case, the reasonable value of the marble such as it was, or its ordinary price, was a question of fact for the jury. Appellant insists that there was no evidence to support the verdict, that the jury assumed, in disregard of the law and the evidence, to arbitrate the difference between the parties, and hence that the verdict should have been set aside on motion as being an expression of the mere whim of the jury. But we think the written contract between the parties—we mean, not the order for the shipment in dispute, but the general contract by which appellant bound itself to buy all marble supplied to it at stipulated prices for designated grades—furnished evidence of the value of the marble in question. It stipulated that "cream B" marble was to be paid for at the rate the jury seem to have adopted, viz., $1.50 per cubic foot, and our judgment is that from the conflicting opinions of the witnesses in this case the jury may well have found that the shipment in dispute was of "cream B" marble. Hence our conclusion not to affirm error of the trial court's action in overruling the motion for a new trial.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and GARNDER, JJ., concur.